**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JUN 1 1 2020

June 11, 2020

SO ORDERED:

*George B. Daniels*
George B. Daniels, U.S.D.J.

Dated: JUN 1 1 2020

VIA ECF
Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Miguel Hernandez Aguilar v. Decker, et al.*, No. 20 Civ. 4172 (GBD)(GWG)
     Requests for Enlargement of Page Limit and Permission to File Medical
     Records Under Seal

Dear Judge Daniels:

This Office represents the government in the above-referenced habeas action brought under 28 U.S.C. § 2241, by petitioner Miguel Hernandez Aguilar ("petitioner"), an alien in civil immigration detention at the Orange County Correctional Facility located in Goshen, New York. The government's opposition in response to the habeas petition and motion for an order to show cause, a temporary restraining order, and a preliminary injunction (the "TRO Motion") is due June 19, 2020. *See* ECF No. 12. I write respectfully to request (i) an enlargement of the page limit for the government's opposition brief, from 25 pages (per Section IV.B. of Your Honor's Individual Rules and Practices) to 45 pages; and (ii) permission to file under seal the petitioner's medical records from the Orange County Correctional Facility. Petitioner's counsel consents to both of these requests.

The petitioner asserts two due process claims. *First*, petitioner argues that "his continued detention violates his substantive due process rights because Respondents' failure to provide him adequate protection against COVID-19 infection constitutes deliberate indifference to his heightened health risks and imposition of punitive conditions of confinement." ECF No. 1, ¶ 2. He contends that he faces a heightened risk for serious illness or death from COVID due to his history of smoking since 2016 and his obesity. *Id.* ¶¶ 42-46. *Second*, petitioner asserts that his detention without a bond hearing for more than eleven months violates his procedural due process rights. *Id.* ¶ 2. On June 4, 2020, petitioner filed the TRO Motion which focuses on his procedural due process claim related to his prolonged detention and essentially seeks the ultimate relief sought in the petition: immediate release or, alternatively, a bond hearing. *See* ECF No. 5. In the alternative, Hernandez seeks to be released while his petition is pending, pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). ECF No. 1, ¶ 90.

Case 1:20-cv-04172-GBD-GWG Document 14 Filed 06/11/20 Page 2 of 3
Case 1:20-cv-04172-GBD-GWG Document 13 Filed 06/11/20 Page 2 of 3

Page 2

### Request for Enlargement of Page Limit

The government requests an enlargement of the page limit in order to allow it to adequately and fully address the factual and legal claims presented in the 32-page habeas petition, as well as the 15-page memorandum of law and eight exhibits submitted in support of the TRO Motion. Because the TRO Motion seeks the ultimate relief requested in the petition and for purposes of efficiency, the government has decided to submit a single memorandum of law in opposition to both as opposed to separate briefs. In addition to addressing the various legal claims and petitioner's prior immigration proceedings, the government's memorandum of law will provide detailed information concerning the measures that have been put in place to address the COVID-19 pandemic at the Orange County Correctional Facility. Without an enlargement, the government will be unable to adequately and fully address the issues presented. I have advised petitioner's counsel that the government would consent to any reasonable request to enlarge the page limit for their reply brief.

### Request to File Medical Records Under Seal

Consistent with Section 6 of the ECF Rules and Instructions, the government requests leave to file the petitioner's medical records under seal on ECF. The government respectfully submits that sealing is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), in light of the privacy interests of individuals in their medical records. *See, e.g.*, *Barnwell v. FCI Danbury*, No. 3:10-CV-01301 (DJS), 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (noting a rebuttable presumption of openness of court filings, but granting motion to seal in light of federal law's treatment of such records as confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191 (1996)). Courts in this District have permitted the sealing of medical records, even if specific details relating to the individual's health appear on the record. *See, e.g.*, *United States v. Needham*, ___ F. Supp. 3d ___, No. 06 Cr. 911 (WHP), 2020 WL 2512105, at *1 n.1 (S.D.N.Y. May 15, 2020); *United States v. Estevez*, No. 18 Cr. 669 (JPO), 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Ebbers*, ___ F. Supp. 3d ___, No. 02 Cr. 1144 (VEC), 2020 WL 91399, at *1 n.1 (S.D.N.Y. Jan. 8, 2020) (noting defendant's waiver through "extensively citing to his medical records and medical history in his own motion, in correspondence with the Court, and in open Court during oral argument on his motion").

Page 3

Petitioner's counsel has consented to both of these requests. I thank the Court for its consideration of this matter.

                    Respectfully submitted,

                    GEOFFREY S. BERMAN
                    United States Attorney
                    Southern District of New York

By:  *s/ Jeffrey K. Powell*
      JEFFREY K. POWELL
      Assistant United States Attorney
      Telephone: (212) 637-2706
      E-mail: jeffrey.powell@usdoj.gov

cc: Counsel of record (via ECF)